UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALTON KING, JR.,

   Plaintiff,

      v.

ROBERT G. FIELDS, et al.,

   Defendants.

Civil Action No. 25-30123-MRG

MEMORANDUM AND ORDER
(Dkt. Nos. 2, 3, & 4)
July 8, 2025

GUZMAN, U.S.D.J.

    Plaintiff, Alton King, Jr. ("King"), filed this action on July 7, 2025, together with a motion for leave to proceed in forma pauperis (Dkt. No. 2), a motion for leave to file electronically (Dkt. No. 3), and an emergency motion for temporary restraining order and preliminary injunction (Dkt. No. 4). The complaint asserts a collateral challenge to a foreclosure and eviction. Based on the information King has provided, the court will grant his motion to proceed in forma pauperis. For the reasons that follow, the court will dismiss this action without prejudice pursuant to 28 U.S.C. 1915(e)(2)(B) and for lack of subject matter jurisdiction. The remaining motions will be terminated as moot.

    Section 1915(e)(2)(B) authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if, among other things, the action is frivolous, fails to state a claim on which relief can be granted, or a party is immune. *See id.* In conducting this review, the court liberally construes King's complaint because he is proceeding *pro se. Hughes v. Rowe,* 449 U.S. 5, 9 (1980); *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v.*

1

*U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000). This court also has an independent obligation to sua sponte inquire into its own subject matter jurisdiction, *see McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3).

King principally alleges in his complaint that he was evicted from his home pursuant to an order of Judge Robert G. Fields, of the Commonwealth of Massachusetts Housing Court, following the lifting of a bankruptcy stay by Judge Elizabeth Katz, of the United States Bankruptcy Court. As a result of the eviction, King alleges his possessions were moved and stored by an unlicensed and unbonded warehouser in violation of Massachusetts law. He contends the underlying foreclosure was flawed and he now seeks to sue Judge Fields, Judge Katz, the Hampden County Registry of Deeds, and various private entities and attorneys associated with the underlying mortgage and eviction pursuant to 42 U.S.C. § 1983.[1]

As an initial matter, this court abstains from exercising jurisdiction over this action to the extent that it would interfere with an on-going matter in the courts of the Commonwealth of Massachusetts. "*Younger* abstention doctrine . . . requires a district court to stay or dismiss the federal action in favor of the continued prosecution of the state-court litigation." *Coggeshall v. Massachusetts Bd. of Registration of Psychologists*, 604 F.3d 658, 664 (1st Cir. 2010) (referencing *Younger v. Harris*, 401 U.S. 37, 41 (1971)). Said differently, "[u]nder *Younger* principles, a federal court must abstain from

---

[1] Plaintiff also includes counts for "Judicial Estoppel and Fraud on the Court," "Declaratory Relief," and "Judicial Misconduct as Evidence of Systemic Due Process Violation," however none of these provide an independent cause of action in this case. Judicial estoppel is a doctrine that prevents litigants from taking inconsistent positions in litigation. *See e.g. New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). Fraud on the court cannot be used to challenge conduct before a different court. *See Davidson v. Cao*, 211 F. Supp. 2d 264, 276-77 (D. Mass. 2002). Declaratory relief is a type of remedy, not a basis for relief. *Finamore v. Piader*, 618 F. Supp. 3d 23, 29 (D. Mass. 2022). Finally, the claim for "Judicial Misconduct as Evidence of Systemic Due Process Violation" appears to be duplicative of Plaintiff's claim for "Deprivation of Due Process" brought pursuant to 42 U.S.C. § 1983.

hearing a case if doing so would needlessly inject the federal court into ongoing state proceedings." *Id.* (citation and quotation omitted). "Federal courts have routinely held that the *Younger* doctrine bars them from enjoining state-court eviction proceedings." *Seidel v. Wells Fargo Bank*, N.A., Civ. Action No. 12-10766-RWZ, 2012 WL 2571200, at *2 (D. Mass. July 3, 2012).

Second, to the extent that the underlying judgment in the eviction proceeding is final, this court does not have jurisdiction to review and reject a state court judgment. "It is an elementary rule of federal jurisdiction that district courts have strictly original jurisdiction in federal question cases and thus cannot exercise appellate jurisdiction." *Liviz v. Howard*, No. 19-CV-10096-PJB, 2019 WL 1082403, at *3 (D. Mass. Mar. 4, 2019). "Pursuant to the *Rooker–Feldman* doctrine, 'federal district courts lack jurisdiction over "federal complaints . . . [that] essentially invite[ ] federal courts of first instance to review and reverse unfavorable state-court judgments."'" *Anderson v. Sup. Jud. Ct. of Massachusetts*, Case No. 18-CV-11302-DJC, 2019 WL 1244054, at *4 (D. Mass. Mar. 15, 2019) (citing *Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 20 (1st Cir. 2005)) (alterations in original). Any decision on the merits here "necessarily requires the Court to undermine [a] state court judgment[], [and therefore] the Court lacks subject matter jurisdiction over [King's] claims." *Id.*

Third, to the extent King is seeking to proceed against Judge Fields for claims arising out of his judicial rulings, *see* Compl. Dkt. No. 1-3 ¶¶ 2, 3 and 4A, any claims for monetary damages are barred by the doctrine of absolute judicial immunity. *See Zenon v. Guzman*, 924 F.3d 611, 616 (1st Cir. 2019) "The breadth of the protection is fulsome, shielding judges even when their actions are malicious, corrupt, mistaken, or taken in bad faith; its purpose not to buffer bad judges but 'for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'" *Id.* (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Accordingly, "when a judge carries out traditional adjudicatory functions, he or she

3

has absolute immunity for those actions." *Id.* Nothing in the Complaint suggests Judge Fields acted outside "traditional adjudicatory functions." *Id.* To the extent King disagreed with orders entered by Judge Fields, his option was to appeal the court's rulings in state court; he cannot sue the state court judge in federal court for damages. Similarly injunctive relief against Judge Fields is also unavailable. "Section 1983 explicitly provides that, 'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable'" in the underlying action. *Alexandre v. Prince*, Civ. Action No. 22-11340-ADB, 2022 WL 3597409 (D. Mass. Aug. 23, 2022).

Fourth, to the extent King seeks to bring claims against the Hampden County Registry of Deeds, the court observes that any claims brought against that entity pursuant to 42 U.S.C. § 1983 are barred by Eleventh Amendment sovereign immunity. Under the Eleventh Amendment to the Constitution, "[s]tates and their agencies are entitled to sovereign immunity 'regardless of the relief sought.'" *Poirier v. Massachusetts Dept. of Correction*, 558 F.3d 92, 97 (1st Cir. 2009) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985)).

Finally, 42 U.S.C. § 1983 provides a mechanism for asserting claims against state actors and it cannot be used to bring a claim against a federal bankruptcy judge or private entities and individuals who did not act "under color of state law." 42 U.S.C. § 1983. *See Cruz-Arce v. Mgmt. Admin. Servs. Corp.*, 19 F.4th 538, 543-44 (1st Cir. 2021) ("To make out a section 1983 claim, a plaintiff must allege facts sufficient to show that the defendants acted under color of state law and caused the deprivation of federal rights."). This court also lacks diversity jurisdiction over claims asserted by Plaintiff because there is not complete diversity between Plaintiff and all defendants as required to for diversity jurisdiction pursuant to 28 U.S.C.§ 1332.

For the foregoing reasons, the pending motion for leave to proceed in forma pauperis (Dkt. No. 2) is ALLOWED and this case is DISMISSED without prejudice. Consistent with dismissal,

5

Plaintiff's Motion for Leave to File Electronically (Dkt. No. 3) and his Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 4 are terminated as moot.

It is So Ordered.

    /s/ Margaret R. Guzman
MARGARET R. GUZMAN
United States District Judge

5